# UNITED STATES DISTRICT COURT
for the
### Eastern District of Michigan

| | |
|---|---|
| GLADYES WILLIAMSON<br>*Plaintiffs,*<br><br>-v-<br><br>CITY OF FLINT, CHIEF TERENCE GREEN in his official capacity, and OFFICER WILLIAM METCALFE in his official and individual capacity.,<br>*Defendants.* | Case No._____<br><br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION

*This action alleges, inter alia, violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, arising from Plaintiff's unlawful removal from a public City Council meeting in Flint, Michigan. In addition to these constitutional violations, Plaintiff asserts related state law claims for assault and battery, negligence, and intentional infliction of emotional distress. The excessive use of force, denial of medical care, retaliatory conduct, and public humiliation inflicted by law enforcement officers infringed upon Plaintiff's constitutional rights to free speech, bodily integrity, and due process, and caused serious physical and emotional harm actionable under Michigan law.*

Plaintiff GLADYES WILLIAMSON, by and through her attorneys, Lento Law Group, P.C. (Lawrence A. Katz, Esquire), brings this action for damages and other equitable relief against Defendants CITY OF FLINT, OFFICER WILLIAM METCALFE, CHIEF TERENCE GREEN, in their official and individual capacities, and alleges as follows:

### INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and the United States Constitution, arising from the unlawful and excessive use of force by Officer William Metcalfe against Plaintiff Gladyes Williamson during a public City Council meeting on October

23, 2024. Plaintiff asserts violations of her Fourth and Fourteenth Amendment rights and seeks damages and injunctive relief against the City of Flint and its officials for their deliberate indifference, failure to train, and unconstitutional policies and practices.

2. This action seeks to hold Defendants accountable for their abuse of authority, violation of clearly established constitutional rights, and coordinated efforts to chill political expression and civic participation through intimidation, coercion, and unlawful use of force.

## JURISDICTION AND VENUE

3. This is a civil action for damages brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) to redress the deprivation of rights secured by the First and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that Defendants conspired to interfere with her civil rights by unlawfully removing her from a public meeting and using excessive force in retaliation for her protected speech and civic participation. At all relevant times, Defendants acted under color of state law and violated Plaintiff's clearly established constitutional rights.

4. This Court has original subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, as the action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3), as Plaintiff seeks to redress the deprivation of civil rights under color of state law.

5. This Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so closely related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution and arise from a common nucleus of operative fact.

6. This Court also has supplemental jurisdiction over Plaintiff's state law claims for assault and battery, negligence, and intentional infliction of emotional distress pursuant to 28

U.S.C. § 1367(a), as these claims arise from the same facts and circumstances as the federal claims and form part of the same case or controversy.

7.  Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) & (b)(2), as, upon information and belief, all Defendants reside in this district and the events giving rise to Plaintiff's claims as complained of herein occurred within this district.

## PARTIES

8.  At all times relevant hereto, Plaintiff GLADYES WILLIAMSON is an adult resident citizen of the County of Genesee, State of Michigan, with a residential address believed to be 612 McKinley Avenue, Flint, Michigan 48507.

9.  At all times relevant hereto, Defendant CITY OF FLINT was and is a municipal entity organized under the laws of the State of Michigan, located in Genesee County. The City of Flint may be served with process at its principal offices located at 1101 S. Saginaw Street, Flint, Michigan 48502.

10. At all times relevant hereto, Defendant TERENCE GREEN, the Flint, Michigan Chief of Police, is, upon information and belief, an adult resident citizen of the County of Genesee, State of Michigan, with an employment address for service of process believed to be 210 E. 5th Street, Flint, Michigan, 48502. The said Defendant is sued in both his official and individual capacities.

11. At all times relevant hereto, Defendant WILLIAM METCALFE, a police officer with the Flint City Police Department, is, upon information and belief, an adult resident citizen of the County of Genesee, State of Michigan, with an employment address for service of process believed to be 210 E. 5th Street, Flint, Michigan, 48502. The said Defendant is sued in both his official and individual capacities.

12. The true names and capacities of persons or entities, whether individual, corporate,

associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave from the court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

## FACTUAL BACKGROUND

17. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

18. On October 23, 2024, Plaintiff attended a public City Council meeting at 1101 S. Saginaw Street, Flint, Michigan.

19. Plaintiff was asked to leave the meeting by Officer Metcalfe. She verbally expressed her willingness to comply.

20. While attempting to gather her belongings, Officer Metcalfe forcibly grabbed Plaintiff's arm, despite her vocalized warning that her arm was compromised and that she was in pain.

21. Plaintiff experienced immediate and intense pain upon contact, and the officer's grip and twisting motion were executed with force that was neither necessary nor legally justified. The physical contact was abrupt, aggressive, and caused Plaintiff to fear further bodily harm. Despite Plaintiff's verbal warning regarding her compromised arm, Officer Metcalfe failed to exercise reasonable care in his physical engagement.

22. Despite her complaints of severe pain, Officer Metcalfe continued to apply force, causing severe injury to Plaintiff's arm, which later required surgical intervention.

23. Plaintiff was not under arrest, nor was she posing a threat to public safety.

24. The City of Flint failed to provide timely medical assistance and failed to train its officers in handling vulnerable individuals during public proceedings.

25. The City of Flint has a pattern of removing individuals from public meetings

without cause and has failed to discipline or retrain officers engaging in excessive force.

26. As a direct result of the excessively forceful and violent manner in which she was removed from the public meeting and physically handled by Officer Metcalfe, Plaintiff sustained serious injuries to her arm that required medical evaluation and surgical treatment.

27. The unnecessary use of force by law enforcement not only caused Plaintiff physical harm but also compounded the emotional and psychological distress resulting from the public and unjustified nature of the encounter.

28. The incident occurred in full view of the public, causing Plaintiff humiliation and emotional trauma. Officer Metcalfe's conduct was extreme and outrageous, especially given Plaintiff's peaceful demeanor, advanced age, and visible distress. Plaintiff has since experienced anxiety, fear, and psychological distress, and has refrained from attending future public meetings due to the emotional impact of the encounter.

29. The decision by law enforcement to forcibly remove Plaintiff Gladyes Williamson from a public City Council meeting—despite her peaceful conduct and willingness to comply—constitutes a clear instance of selective and retaliatory enforcement. This targeted action, executed without legal justification or prior warning, deviated from accepted law enforcement protocols and was carried out in a manner designed to intimidate and suppress Plaintiff's lawful exercise of her constitutional rights. Such conduct reflects an abuse of governmental authority and a deliberate attempt to chill protected speech and civic participation through coercive and punitive measures.

30. The City of Flint and its Police Department failed to implement or enforce policies that would have prevented the use of excessive force in non-threatening situations. The Department also failed to train officers to recognize and respond appropriately to medical vulnerabilities, resulting in foreseeable harm to Plaintiff.

## COUNT I
## EXCESSIVE FORCE - 42 U.S.C. § 1983 – FOURTH AMENDMENT

31. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

32. At all relevant times, Plaintiff was lawfully present at a public City Council meeting held at Flint City Hall and was engaged in peaceful civic participation protected by the First and Fourth Amendments.

33. Plaintiff was not under arrest, did not pose a threat to public safety, and expressed her willingness to comply with Officer Metcalfe's directive to leave the meeting.

34. Despite Plaintiff's cooperation and her verbal warning that her arm was compromised and vulnerable to injury, Defendant Officer Metcalfe forcibly grabbed and manipulated Plaintiff's arm in a manner that was objectively unreasonable under the circumstances.

35. Plaintiff immediately vocalized pain and requested that the officer release her arm, yet Defendant continued to apply force, and seeming increased the force, causing severe physical injury that required surgical intervention.

36. The force used by Defendant Metcalfe was excessive, unnecessary, and disproportionate to any legitimate law enforcement need, particularly given Plaintiff's non-threatening demeanor and lack of resistance.

37. Defendant's conduct violated Plaintiff's clearly established rights under the Fourth Amendment to be free from unreasonable seizures and excessive force.

38. No reasonable officer in Defendant's position would have believed that such force was lawful under the circumstances, especially in light of Plaintiff's age, physical vulnerability, and peaceful conduct.

39. As a direct and proximate result of Defendant's actions, Plaintiff suffered physical injury, emotional distress, medical expenses, and other damages.

40. Defendant acted under color of state law and with reckless disregard for Plaintiff's constitutional rights.

41. Plaintiff is entitled to compensatory damages for physical and emotional harm, punitive damages for Defendant's reckless and callous disregard of her rights, and attorney's fees pursuant to 42 U.S.C. § 1988.

42. These actions were undertaken in direct retaliation for Plaintiff's political expression, public advocacy, and prior engagement in litigation against the City of Flint and its officials. Plaintiff's visible participation in civic discourse, her association with political figures critical of the current administration, and her involvement in civil rights advocacy made her a target for punitive and discriminatory treatment. Defendants' conduct was intended to silence dissent, discourage civic engagement, and punish Plaintiff for exercising her constitutional rights under the First and Fourteenth Amendments.

43. As a direct and proximate result of Defendants' unlawful and retaliatory conduct, Plaintiff suffered significant harm, including physical injury, emotional distress, reputational damage, and the chilling of her constitutional rights. The excessive use of force, public humiliation, and targeted removal from a civic forum inflicted lasting psychological trauma and deterred Plaintiff from future participation in protected political expression and public engagement.

## COUNT II
## RETALIATION FOR PROTECTED ACTIVITY - SPEECH
**(42 U.S.C. § 1983 – First Amendment)**

44. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

45. At all relevant times, Plaintiff was lawfully present at a public City Council meeting and engaged in protected speech and civic participation, including expressing her views on matters of public concern and associating with political figures critical of the current administration.

46. Plaintiff's attendance at public meetings, her prior litigation against the City of Flint, and her visible engagement in civil rights advocacy constituted protected activities under the First Amendment to the United States Constitution.

47. Defendant Officer Metcalfe was aware of Plaintiff's political expression and affiliations, and his actions were motivated, at least in part, by Plaintiff's exercise of those protected rights.

48. Defendant's decision to forcibly remove Plaintiff from the meeting—despite her peaceful conduct and willingness to comply—was not based on any legitimate law enforcement need but rather was undertaken in retaliation for Plaintiff's protected speech and political associations.

49. The retaliatory use of force and public humiliation inflicted upon Plaintiff was intended to silence dissent, discourage civic engagement, and punish Plaintiff for her constitutionally protected activities.

50. Defendant's conduct would deter a person of ordinary firmness from continuing to engage in protected speech and public advocacy, and in fact caused Plaintiff to refrain from future participation in public meetings and political expression.

51. Defendant acted under color of state law and with deliberate indifference to Plaintiff's First Amendment rights.

52. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered physical injury, emotional distress, reputational harm, and the chilling of her constitutional rights.

53. Plaintiff is entitled to compensatory damages for the harm suffered, punitive damages for Defendant's retaliatory and unconstitutional conduct, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

54. Upon information and belief, Defendant's conduct was consistent with a broader pattern of retaliatory enforcement by the City of Flint against individuals engaged in protected speech, including prior incidents involving protestors and public meeting attendees. This pattern supports Plaintiff's claim that the retaliation was not isolated but reflective of an unconstitutional custom or practice.

## COUNT III
## MUNICIPAL LIABILITY (MONELL CLAIM)
### 42 U.S.C. § 1983 – Fourth and First Amendments Against Defendant City of Flint

55. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

56. At all relevant times, Defendant City of Flint was responsible for the hiring, training, supervision, discipline, and conduct of its police officers, including Defendant Officer William Metcalfe.

57. Defendant City of Flint, through its policymakers and supervisory personnel, maintained policies, customs, or practices that permitted, encouraged, or failed to prevent the use of excessive force, retaliatory enforcement, and unlawful removal of individuals from public meetings in violation of the Fourth and First Amendments.

58. Upon information and belief, the City of Flint has a documented history of using force against protestors, political dissidents, and attendees of public meetings, including incidents in which individuals were forcibly removed or intimidated for expressing dissenting views.

59. The City failed to adequately train its officers in the constitutional limits of force, the rights of individuals to engage in protected speech and civic participation, and the appropriate

handling of vulnerable or non-threatening individuals in public forums.

60. The City also failed to implement disciplinary measures or corrective policies in response to prior incidents of excessive force and retaliatory conduct, thereby ratifying and perpetuating unconstitutional behavior.

61. The actions taken against Plaintiff were consistent with this pattern and were carried out pursuant to the City's de facto policy of suppressing dissent and tolerating excessive force in civic spaces.

62. The unconstitutional conduct of Defendant Officer Metcalfe was a direct result of the City's failure to train, supervise, and discipline its officers, and of its deliberate indifference to the rights of individuals engaging in protected speech and public advocacy.

63. As a direct and proximate result of the City's policies, customs, and practices, Plaintiff suffered physical injury, emotional distress, reputational harm, and the chilling of her constitutional rights.

64. Plaintiff is entitled to compensatory damages for the harm suffered, punitive damages to the extent permitted by law, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT IV
## EXCESSIVE FORCE
### (42 U.S.C. § 1983 – Against Defendant Metcalfe)

65. Plaintiff hereby repeats all of the allegations and exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

66. At all relevant times, Plaintiff was lawfully present at a public City Council meeting held at Flint City Hall and was engaged in peaceful civic participation protected by the First and Fourth Amendments to the United States Constitution.

67. Plaintiff was not under arrest, did not pose a threat to public safety, and expressed

her willingness to comply with Officer Metcalfe's directive to leave the meeting.

68. Despite Plaintiff's cooperation and her verbal warning that her arm was compromised and vulnerable to injury, Defendant Officer Metcalfe forcibly grabbed and manipulated Plaintiff's arm in a manner that was objectively unreasonable under the circumstances.

69. Plaintiff immediately vocalized pain and requested that the officer release her arm, yet Defendant continued to apply force, causing severe physical injury that ultimately required surgical intervention.

70. The force used by Defendant was excessive, unnecessary, and disproportionate to any legitimate law enforcement need, particularly given Plaintiff's non-threatening demeanor, advanced age, physical vulnerability, and peaceful conduct.

71. Defendant's conduct violated Plaintiff's clearly established rights under the Fourth Amendment to be free from unreasonable seizures and excessive force.

72. No reasonable officer in Defendant's position would have believed that such force was lawful under the circumstances.

73. As a direct and proximate result of Defendant's actions, Plaintiff suffered physical injury, emotional distress, medical expenses, and other damages.

74. Defendant acted under color of state law and with reckless disregard for Plaintiff's constitutional rights.

75. Plaintiff is entitled to compensatory damages for physical and emotional harm, punitive damages for Defendant's reckless and callous disregard of her rights, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

76. The physical force inflicted upon Plaintiff Williamson resulted not only in serious injury to her arm, but also in a well-founded fear of imminent bodily harm, given Defendant

Metcalfe's authoritative posture, disregard for her expressed vulnerability, and the public nature of the encounter. This incident occurred during Plaintiff's lawful participation in a constitutionally protected public meeting, where she was peacefully exercising her civic and political rights. Defendant's actions—executed without legal justification—constituted an overt attempt to intimidate and suppress Plaintiff's exercise of her First Amendment rights. As a result, Plaintiff suffered physical pain, emotional distress, reputational harm, and a chilling effect on her ability to engage in public discourse without fear of retaliation or violence by state actors.

### COUNT V
### DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
### (42 U.S.C. § 1983 – Against All Defendants)

77. Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

78. At all relevant times, Plaintiff was in the custody or control of Defendant Officer Metcalfe and the City of Flint Police Department during her removal from the public City Council meeting.

79. Plaintiff verbally informed Defendant Officer Metcalfe that her arm was compromised and vulnerable to injury, and she immediately vocalized pain when force was applied.

80. Despite Plaintiff's clear expression of physical distress and her request to be released, Defendant Officer Metcalfe continued to apply force, exacerbating her injury.

81. Following the incident, Plaintiff did not receive timely or appropriate medical attention from law enforcement personnel, despite the visible and acute nature of her injury.

82. Defendant Officer Metcalfe, acting under color of state law, exhibited deliberate indifference to Plaintiff's serious medical needs by ignoring her pleas and failing to take reasonable steps to prevent further harm.

83. Defendant Chief Terence Green, as the highest-ranking official in the Flint Police Department, was responsible for establishing and enforcing policies, training protocols, and supervisory practices related to officer conduct and detainee care.

84. Upon information and belief, Chief Green failed to implement adequate training and oversight to ensure that officers under his command responded appropriately to medical emergencies and respected the constitutional rights of vulnerable individuals.

85. Chief Green's failure to act, despite prior incidents of excessive force and medical neglect within the department, constituted deliberate indifference and contributed directly to the violation of Plaintiff's Fourteenth Amendment rights.

86. Defendant City of Flint, through its policies, customs, and failure to train, further contributed to this deliberate indifference by not equipping its officers with proper protocols for responding to medical emergencies during public encounters.

87. The failure to provide or facilitate timely medical care constituted a violation of Plaintiff's rights under the Fourteenth Amendment to be free from cruel and unjust treatment while under state control.

88. As a direct and proximate result of Defendants' deliberate indifference, Plaintiff suffered prolonged physical pain, surgical intervention, emotional distress, and other damages.

89. As a direct and foreseeable result of Defendants' deliberate indifference to Plaintiff's serious medical needs, Plaintiff Williamson suffered both tangible and intangible harm. This harm includes, but is not limited to, prolonged physical pain, emotional distress, reputational damage, and the deprivation of her constitutional right to humane treatment while under the control of state actors. The failure to respond to Plaintiff's visible injury and expressed pain—executed in a public and humiliating manner—caused Plaintiff to experience fear, anxiety, and a chilling effect on her willingness to engage in future civic and political expression. These injuries are not only

personal but also reflect a broader institutional disregard for the rights and dignity of vulnerable individuals.

90. Plaintiff is entitled to compensatory damages for the harm suffered, punitive damages for Defendants' reckless disregard of her medical needs, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT VI
## VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS
### (42 U.S.C. § 1983 – Against All Individual Defendants)

91. Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

92. The Fourteenth Amendment to the United States Constitution guarantees individuals the right to due process of law before being deprived of liberty, bodily integrity, or access to public forums.

93. At all relevant times, Plaintiff was lawfully present at a public City Council meeting and engaged in peaceful civic participation. She was not under arrest, did not pose a threat, and expressed her willingness to comply with directives from law enforcement.

94. Defendant Officer Metcalfe, acting under color of state law, forcibly removed Plaintiff from the meeting without legal justification, notice, or opportunity to contest the removal, thereby depriving her of liberty and access to a public forum without due process.

95. In the course of this removal of Plaintiff, Defendant Metcalfe applied excessive physical force despite Plaintiff's expressed vulnerability and vocalized pain, resulting in serious injury to her arm.

96. Plaintiff was not provided timely medical attention following the incident, despite being under the control of law enforcement and exhibiting clear signs of physical distress.

97. Defendant Chief Terence Green, as the policymaker and supervisor of the Flint

Police Department, failed to implement adequate training, oversight, and disciplinary measures to prevent such arbitrary and harmful conduct by officers under his command.

98. Defendant City of Flint, through its customs, policies, and failure to train, ratified and perpetuated practices that allowed for the removal of individuals from public meetings and the infliction of physical harm without legal process or medical care.

99. The conduct of Defendants was arbitrary, conscience-shocking, and devoid of any legitimate governmental interest, thereby violating Plaintiff's substantive due process rights.

100. Plaintiff was also denied procedural due process when she was excluded from a public forum and subjected to physical harm without any formal process, justification, or opportunity to be heard.

101. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, emotional distress, reputational harm, and the deprivation of her constitutional rights.

102. Plaintiff is entitled to compensatory damages for the harm suffered, punitive damages for Defendants' reckless and arbitrary conduct, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT VII
## ASSAULT AND BATTERY
### (Against Defendant Officer William Metcalfe)

103. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

104. On or about October 23, 2024, Plaintiff was lawfully present at a public City Council meeting and engaged in peaceful civic participation when Defendant Officer William Metcalfe approached her without provocation.

105. Plaintiff verbally informed Defendant Metcalfe that her arm was compromised and vulnerable to injury, and she expressed her willingness to comply with his directive to leave the

meeting.

106. Despite Plaintiff's peaceful demeanor and clear warning, Defendant Metcalfe intentionally, recklessly, and without legal justification grabbed, twisted, and manipulated Plaintiff's arm in a manner that was harmful, offensive, and excessive.

107. Defendant's conduct constituted an unlawful battery under Michigan law, as it involved intentional physical contact that caused bodily harm and was neither consented to nor privileged.

108. Defendant's actions also constituted assault, as his aggressive approach and use of force placed Plaintiff in reasonable apprehension of imminent bodily harm, particularly given his authoritative posture and disregard for her expressed vulnerability.

109. Plaintiff did not pose a threat, was not under arrest, and had committed no crime or violation that would justify the use of physical force.

110. Defendant's conduct was willful, wanton, and carried out with reckless disregard for Plaintiff's safety, dignity, and constitutional rights.

111. As a direct and proximate result of Defendant Metcalfe's assault and battery, Plaintiff suffered serious physical injury requiring surgical intervention, emotional distress, humiliation, reputational harm, and incurred medical expenses.

112. As a direct and proximate result of Defendant Metcalfe's assault and battery, Plaintiff suffered serious physical injury requiring surgical intervention, emotional distress, humiliation, reputational harm, and incurred medical expenses.[1]

## COUNT VIII
## NEGLIGENCE
### (Against All Defendants)

---

[1] See *Tinkler v. Richter*, 295 Mich. 396, 295 N.W. 201 (1940) (battery is the intentional, harmful or offensive touching of another without justification); *Smith v. Stolberg*, 231 Mich. App. 256, 586 N.W.2d 103 (1998) (assault involves the apprehension of imminent contact and is distinct from negligence).

113. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

114. On or about October 23, 2024, Plaintiff was lawfully present at a public City Council meeting and engaged in peaceful civic participation when she was subjected to excessive and unjustified physical force by Defendant Officer William Metcalfe.

115. All Defendants owed Plaintiff a duty to act with reasonable care to avoid causing foreseeable harm, particularly in the context of public engagement and known physical vulnerability.

116. Defendant Metcalfe breached that duty by using excessive force despite Plaintiff's verbal warning regarding her compromised arm, her peaceful demeanor, and her expressed willingness to comply.

117. Defendant Chief Terence Green breached his duty by failing to adequately train, supervise, and discipline officers under his command, despite prior incidents involving excessive force and public complaints.

118. Defendant Flint City Police Department failed to implement and enforce policies and procedures necessary to prevent the use of excessive force and to ensure appropriate medical response during public encounters.

119. Defendant City of Flint is vicariously liable for the negligent acts and omissions of its employees, including Officer Metcalfe and Chief Green, under the doctrine of *respondeat superior*.

120. The collective failure of Defendants to exercise reasonable care created an unreasonable risk of harm to Plaintiff and directly contributed to the physical and emotional injuries she sustained.

121. As a direct and proximate result of Defendants' negligence, Plaintiff suffered

serious physical injury requiring surgical intervention, emotional distress, humiliation, reputational harm, and incurred medical expenses and other economic damages.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendant Metcalfe and the Flint City Police Department)**

122. Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

123. On or about October 23, 2024, Defendant Officer William Metcalfe, acting under color of law and within the scope of his employment with the Flint City Police Department, forcibly removed Plaintiff from a public City Council meeting despite her peaceful demeanor, advanced age, and verbal warning regarding her compromised arm.

124. Defendant Metcalfe's conduct - grabbing, twisting, and injuring Plaintiff's arm in full view of the public - was extreme and outrageous by any reasonable standard, especially given Plaintiff's vulnerability, lack of resistance, and lawful presence at a civic event.

125. Defendant Metcalfe either intended to cause Plaintiff emotional distress or acted with reckless disregard of the high probability that his actions would result in severe emotional harm.

126. The Flint City Police Department is liable for the intentional misconduct of its officer under agency principles and for its failure to implement policies and training to prevent such abusive conduct.

127. The public nature of the incident, combined with the physical pain, humiliation, and reputational damage inflicted upon Plaintiff, caused her to suffer severe emotional distress, including anxiety, fear, and psychological trauma.

128. Defendant's conduct was so egregious that it would cause a reasonable person to experience emotional distress, and in fact caused Plaintiff to refrain from future civic engagement

out of fear of retaliation and further harm.

129. As a direct and proximate result of the intentional and outrageous conduct of Defendant Metcalfe and the institutional failures of the Flint City Police Department, Plaintiff suffered lasting emotional and psychological injuries for which she is entitled to recover damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** for the foregoing reasons and pursuant to the causes of action set forth above, including violations of federal constitutional rights and related state law claims for assault and battery, negligence, and intentional infliction of emotional distress, Plaintiff Gladyes Williamson respectfully demands judgment against Defendants Officer William Metcalfe, Chief Terence Green, and the City of Flint, in their individual and official capacities, and requests the following relief:

1. General damages for pain, suffering, emotional distress, and reputational harm;
2. Compensatory damages for physical injury, medical expenses, economic losses, and other tangible harms arising from Defendants' conduct;
3. Punitive damages for Defendants' reckless, malicious, and unconstitutional conduct, and for intentional torts as permitted under Michigan law;
4. Reasonable attorney's fees and costs of suit, including interest, pursuant to 42 U.S.C. § 1988 and applicable Michigan law;
5. Declaratory relief that Defendants' conduct violated Plaintiff's constitutional rights;
6. Injunctive relief, if appropriate, to prevent future violations of Plaintiff's rights;
7. Any further relief the Court deems just, equitable, and proper.

## **JURY DEMAND**

130. Plaintiff demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of

the Federal Rules of Civil Procedure.

## CERTIFICATION

131. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

**LENTO LAW GROUP, P.C.**

Dated: August 21, 2025

 /s/ Lawrence A. Katz
LAWRENCE A. KATZ, ESQUIRE
NJ State Bar No.: 027051988
(Admitted in the E.D. of Michigan)
BEOWULF BUILDING
1814 East Route 70 – Suite 321
Cherry Hill, NJ 08003
(T) 856.652.2000 x497
(F) 856.375.1010
lakatz@lentolawgroup.com
*Attorney for Plaintiff*

Of counsel:

Toy J. Thomas
Renaissance Center
400 Renaissance Center
Suite 2600
Detroit, MI 48243
Phone: 313-992-1212 x 433
Fax: 313-992-1122
tjthomas@lentolawgroup.com