# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | | |
|---|---|---|
| GLADYES WILLIAMSON<br>*Plaintiff,*<br><br>**-v-**<br><br>CITY OF FLINT, CHIEF TERENCE GREEN, in his official capacity, and OFFICER WILLIAM METCALFE, in his official and individual capacity,<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-cv-12996-LVP-DRG<br><br>Hon. Linda V. Parker<br>Magistrate Judge David R. Grand |

## NOTICE OF APPEAL

Notice is hereby given that, plaintiff in the above-captioned case, **GLADYES WILLIAMSON,** hereby appeals to the **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** from the Final Judgment entered by the Honorable Linda V. Parker, of the United States District Court for the Eastern District of Michigan, on September 30, 2026. (A copy of the Judgment/Order is attached, as is the accompanying Opinion and Docket.)

s/ Frank R. Schirrpa
FRANK R SCHIRRIPA
HACH ROSE SCHIRRIPA &REHNS
LLP
112 Madison Avenue
Ste 10th Floor
New York, NY 10016
212-213-8311
Email: fschirripa@hrsrlaw.com
Counsel for Plaintiff

CERTIFICATE OF SERVICE

This is to certify that upon filing, a copy of the foregoing Notice of Appeal was sent to all parties/counsel via the ECF System.

s/ Frank R. Schirrpa________________
FRANK R SCHIRRIPA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERENCE D. LEAVY et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHELDON NEELY et al.,<br><br>Defendants. | Case No. 25-11641<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

## JUDGMENT

In accordance with the Court's Opinion issued on September 30, 2026, **IT IS ORDERED AND ADJUDGED** that Plaintiffs' federal claims against Defendants are **DISMISSED WITH PREJUDICE**. Plaintiffs' state law claim is **DISMISSED WITHOUT PREJUDICE**.

Dated at Flint, Michigan, this 30th day of September, 2026.

KINIKIA ESSIX
CLERK OF THE COURT

s/Tammy Hallwood
Deputy Clerk

APPROVED BY:

s/Shalina D. Kumar
Shalina D. Kumar
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERENCE D. LEAVY et al.,<br>Plaintiffs,<br><br>v.<br><br>SHELDON NEELY et al.,<br>Defendants. | Case No. 25-11641<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS (ECF NO. 16)**

## I. Introduction

Plaintiffs Terence D. Leavy, Beverly Biggs-Leavy, Jedediah Brown, and John E. Groff, Jr., (together "plaintiffs") initiated this civil action under 42 U.S.C. §§ 1983 and 1985 against defendants the Mayor of the City of Flint Sheldon Neely ("Neely"), Flint Chief of Police Terence Green ("Green"), Flint Police Sergeant Michael Tisdale ("Tisdale"), and Flint Police Officers J. Bryant ("Bryant") and Jones ("Jones") alleging violations of their First and Fourteenth Amendment rights, and bringing state law claims of intentional infliction of emotional distress. ECF No. 1.

Defendants move to dismiss plaintiffs' complaint. ECF No. 16. Plaintiffs, through Attorney Lawrence A. Katz ("Katz"), filed a response. ECF Nos. 17, 18. On February 28, 2026, the Court disqualified Katz and stayed the case to allow plaintiffs to retain new counsel. ECF No. 28. Because his participation in this case was not permissible, the response filed by Katz was stricken from the record, and the Court ordered plaintiffs' newly retained counsel to file a new response to defendants' motion by May 28, 2026. *See* ECF No. 40. To date, the Court has received no response, timely or otherwise, and will therefore deem defendants' motion unopposed. For the following reasons, the Court grants the motion.

## II. Factual background

Plaintiff Jedediah Brown ("Brown"), an activist from Chicago, organized a "protest walk" that took place on June 1, 2025. "Christian activists from Chicago arrived at a church in Flint, Michigan, where they were joined by local residents for a peaceful Sunday service." ECF No. 1, PageID.4, ¶ 19. After the service had concluded, they made their way to City Hall and were met by Brown's "team and received instructions for a peaceful protest walk." *Id.* at ¶ 20. The walk included people on foot as well as roughly a dozen vehicles transporting participants who were unable to

walk with the group. *Id.* Plaintiffs note that Brown did not obtain the required permit for the event. *Id.* at ¶ 21.

Shortly after the walk began, a Flint police officer instructed the drivers to activate their hazard lights and continue onward. The protest came to a halt a couple of blocks away, and plaintiff John E. Groff, Jr. (“Groff”) alleges Officer Bryant accused him of impeding traffic and told his passengers they needed to exit the vehicle so Officer Bryant could have it towed. *Id.* at PageID.5, ¶ ¶ 23, 24.

Likewise, plaintiff Terence Leavy (“Leavy”) alleged he was “forcefully extracted” from his vehicle despite its position next to the curb and not obstructing traffic. *Id.* at ¶ 27. Leavy claims he was “violently thrown to the ground and physically restrained by multiple officers before being placed into a police vehicle.” *Id.* at PageID.6, ¶ 29. Furthermore, he asserts that he was not informed as to why he needed to exit his vehicle, or the grounds for his subsequent “detention and handcuffing.” *Id.* at ¶ 28. Ultimately, Leavy was not formally arrested nor charged, but both Groff’s and Leavy’s vehicles were towed.

Defendants move to dismiss plaintiffs’ complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be

granted, and argue plaintiffs Beverly Biggs-Leavy ("Biggs-Leavy") and Brown lack standing and should be dismissed under Rule 12(b)(1). ECF No. 16. As noted above, plaintiffs did not file a response.

## III. Analysis

### A. Standard of Review

#### 1. Rule 12(b)(1)

Against facial challenges to standing asserted under Rule 12(b)(1), a plaintiff must "clearly . . . allege facts demonstrating" each element of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "In reviewing a facial attack to a complaint under Rule 12(b)(1) for lack of standing, we must accept the allegations set forth in the complaint as true while drawing all inferences in favor of the plaintiff, just as we do in reviewing a 12(b)(6) motion to dismiss for failure to state a claim." *United States v. Michigan*, 2026 WL 194031, at *8 (W.D. Mich. Jan. 19, 2026) (citing *Hile v. Michigan*, 86 F.4th 269, 273 (6th Cir. 2023)).

#### 2. Rule 12(b)(6)

A district court should grant a motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint states a claim when it alleges facts that, if true, make

out a claim for relief that is plausible on its face, and that 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hodges v. City of Grand Rapids*, 139 F.4th 495, 504 (6th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When evaluating a complaint's sufficiency, courts "accept its factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and only then determine whether those facts and inferences plausibly give rise to an entitlement to relief." *Id*. (internal quotation omitted). This standard applies even when a defendant raises qualified immunity as a defense. *Id*.

"Qualified immunity protects public officials from suit unless (1) the official violated a statutory or constitutional right, and (2) the right was clearly established' at the time of the challenged conduct." *Id*. (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (cleaned up). A public official's "conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id*. (quoting *al-Kidd*, 563 U.S. at 741) (cleaned up). To be "clearly established" does not "require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond

debate.” *Id*. (quoting *al-Kidd*, 563 U.S. at 741). Although the plaintiff ultimately bears the burden to show that the defendant public official is not entitled to qualified immunity, the question for the court on a motion to dismiss remains whether the plaintiff plausibly alleged that the defendant violated a clearly established constitutional right. *Id*.

The qualified-immunity inquiry is a threshold question and “a decision on qualified immunity at the earliest possible stage of litigation is necessary to vindicate its protection against litigation itself.” *Kerchen v. Univ. of Mich.*, 100 F.4th 751, 761 (6th Cir. 2024). “Although qualified immunity may generally be better resolved on a motion for summary judgment rather than a motion to dismiss, a plaintiff must still sufficiently plead facts” plausibly alleging a constitutional violation clearly established by precedent at the time of the challenged conduct. *Id*. at 763 (citing *Myers v. City of Centerville*, 41 F.4th 746, 758–59 (6th 2022)).

When a plaintiff fails to respond to a motion to dismiss, the court may treat the motion as unopposed. *See* E.D. Mich. LR. 7.1(c)(1). What that means in this Circuit is not entirely clear. Many cases suggest that an unopposed motion to dismiss can be summarily granted because the plaintiff has abandoned any potential arguments. *Humphrey v. U.S. Att’y*

*Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *see also Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) ("Plaintiff has not responded to Defendant's motion to dismiss this claim, and the Court assumes he concedes this point and abandons the claim."); *Daniel v. Sec'y of Dep't Homeland Sec.*, 2025 WL 641115, at *2 (S.D. Ohio Feb. 27, 2025) ("a motion to dismiss that is unopposed may be granted on that basis alone.")

But the Sixth Circuit has also suggested that a district court cannot grant a motion to dismiss for failure to state a claim solely on the grounds that a plaintiff has failed to respond pursuant to a local rule. *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991). Accordingly, although plaintiffs' failure to respond could be considered a failure to prosecute, the Court declines to grant the motion on this basis and will instead consider the merits of defendants' motion.

**B. Video Footage**

To assess whether a plaintiff has sufficiently plead facts to plausibly allege violation of a clearly established right, courts are typically limited to

reviewing only the complaint, any attachments to the complaint, documents referred to in the complaint and which are central to the plaintiff's claim or are matters of public record. *See Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024). But, when uncontroverted video evidence easily resolves a case, the Sixth Circuit instructs district courts "to honor qualified immunity's principles by considering the videos." *Bell v. City of Southfield*, 37 F.4th 362, 364 (6th Cir. 2022); *see also Gowdy v. Univ. Hospitals Cleveland Med. Cntr.*, 2026 WL 2211573, at *4 (6th Cir. July 31, 2026) (noting that courts properly consider videos in qualified immunity cases at the motion-to-dismiss stage where "uncontroverted video evidence easily resolves the case, thereby effectuating the protection that qualified immunity provides from litigation").

Nevertheless, courts "may only consider video footage over the pleadings when the videos are clear and blatantly contradict or utterly discredit the plaintiff's version of events." *Saalim*, 97 F.4th at 1002 (quoting *Bell*, 37 F.4th at 364) (cleaned up). "This is because if a video clearly depicts a set of facts contrary to those alleged in the complaint, this makes a plaintiff's allegations implausible." *Id*. If the video does not blatantly contradict or utterly discredit the complaint, the court cannot consider it and

must instead revert to the allegations in the complaint alone, as it would for any motion under Rule 12. *Hodges*, 139 F.4th at 507. The Court has reviewed the complaint and the body camera video footage from defendants Tisdale, Bryant, and Jones and finds multiple instances where the video directly contradicts or discredits plaintiffs' factual allegations in the complaint.

**C. Section 1983 Claims**

As a preliminary matter, the Court addresses plaintiffs' claims on behalf of Brown and Biggs-Leavy. Defendants argue that neither Brown nor Biggs-Leavy alleged a cognizable injury under § 1983. The Court agrees.

"In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Chambers v. Sanders*, 63 F.4th 1092, 1100 (6th Cir. 2023) (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000)) (internal quote marks omitted). Only the victim may prosecute a section 1983 claim; Section 1983 does not permit a cause of action for consequential collateral injuries suffered because of the deprivation of others' constitutional rights.

Neither Biggs-Leavy nor Brown assert any of their individual constitutional rights were violated. Instead, the complaint alleges that their

loved ones and associates were targeted as retribution for public conflict and a history of litigation with the City of Flint and as part of a coordinated effort to suppress dissent. The belief that they supplied the motivation for public officials violating other people's First, Fourth, and Fourteenth Amendment rights does not satisfy the elements for any of the claims asserted against defendants. Accordingly, Biggs-Leavy and Brown have failed to state a claim upon which relief may granted and they must be dismissed from this action.

Defendants also assert that plaintiffs have failed to state a claim upon which relief may be granted against Neely and Green. Officials cannot be held liable for the constitutional violations of subordinates under a theory of *respondeat superior*, rather a complaint must plead that the official violated the Constitution through the supervisor's own actions. *Venema v. West*, 133 F.4th 625, 633 (6th Cir. 2025) (citing *Iqbal*, 556 U.S. at 677). "Further, for supervisory liability to attach, there must be more than an attenuated connection between the injury and the supervisor's alleged wrongful conduct." *Id*. (quoting *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016)) (internal quote marks omitted). Plaintiffs must allege "some

active unconstitutional behavior on the part of the supervisor that is directly correlated with the plaintiff's injury." *Id*. (internal quotations omitted).

The Court agrees with defendants that plaintiffs' allegations against Neely fail to sufficiently allege supervisory liability under § 1983. Plaintiffs allege that Neely directly instructed defendant officers to detain Leavy and Groff and to impound their vehicles. The factual support for this claim consists only of Neely's alleged statement that there would be 'consequences' if the protest went forward without a permit. The Court finds this statement too vague to create an inference that Neely planned and instructed Flint police officers to commit the alleged constitutional torts. Because the allegation against Neely does not rise above the speculative level, Neely will be dismissed from the suit.

Plaintiffs' allegations against Green are more concrete and directly connected to their alleged injuries. They contend that Green explicitly directed Bryant to tow Groff's vehicle. ECF No. 1, PageID.6, ¶ ¶ 23, 25. Assuming plaintiffs' allegations are true, as the Court must on a motion to

dismiss, they have adequately pleaded facts to support Green’s supervisory liability for any constitutional tort committed by Bryant.[1]

### 1. Excessive Force (Leavy)

“In determining whether an officer used excessive force in violation of the Fourth Amendment, ‘the bottom-line inquiry is whether the totality of the circumstances justifies a particular level of force.’ ” *Hodges*, 139 F.4th at 518 (quoting *Wright v. City of Euclid*, 962 F.3d 852, 865 (6th Cir. 2020) (cleaned up). Three factors guide this inquiry: [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.” *Graham v. Connor*, 490 U.S. 386, 396 (1989). “These factors are assessed from the perspective of a reasonable officer on the scene making a split-second judgment under tense, uncertain, and rapidly evolving circumstances without the advantage of 20/20 hindsight.” *Brown v. Lewis*, 779 F.3d 401, 418 (6th Cir. 2015) (internal quotation omitted). And, “[t]hough important, these factors are not the end of the matter, as the court ultimately must determine whether the

---

[1] The Complaint does not allege that Green issued the same directive to Tisdale, or any other facts to suggest that Tisdale knew of Green’s alleged directive.

totality of the circumstances justifies a particular sort of seizure." *Williams v. Mauer*, 9 F.4th 416, 438 (6th Cir. 2021) (quotation marks omitted).

The Sixth Circuit explored the contours of reasonable force for officers conducting a roadside stop in *Moore v. Oakland County.* 126 F.4th 1163, 1168 (6th Cir. 2025). An officer may order the motorist to exit the vehicle. *Id*. (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 (1977)). And an officer may use a reasonable amount of force to conduct the stop. *Id*. (citing *Graham*, 490 U.S. at 394–95). Delving deeper, the *Moore* court noted that tasing suspects even when they comply with commands, such as turning off the car engine and raising their hands, or exiting the vehicle, could not be deemed reasonable force. *Id*. (citing first *Wright*, 962 F.3d at 868 and then *Saalim*, 97 F.4th at 999–1000, 1009). In contrast, the court pointed out cases finding that an officer could reasonably use a taser on a suspect who physically struggles, kicks, flails, or wriggles away from the officer's grasp, threatens the police, resists handcuffing, or acts erratically. *Id*. (citing *Browning v. Edmonson Cnty.*, 18 F.4th 516, 527 (6th Cir. 2021), *Roell v. Hamilton Cnty.*, 870 F.3d 471, 482–83 (6th Cir. 2017) and *Bell*, 37 F.4th at 368). These cases informed the *Moore* court's conclusion that reaching into the plaintiff's running car to grab her arm when she refused to

produce her license and moving her hands toward the center console had been clearly established as excessive force. *Id*. at 1169.

Specifically, the court in *Moore* found that a reasonable officer could conclude that the plaintiff's action amounted to resistance warranting "the modest step of grabbing her arm." *Id*. The court explained that grabbing a suspect's arm was far less force "than the officers who tased, pepper-sprayed, and beat their passive suspects." *Id*. It also emphasized, that unlike the suspects in those cases, Moore posed a threat to the defendant officer by moving her hands where he could not see them and failing to turn off the car. *Id*.

Applying the lessons of *Moore*, the Court concludes that Tisdale and Jones did not violate a clearly established right by removing Leavy from his car, handcuffing him, and placing him in a squad car. The complaint alleges that Leavy "posed no threat to officer safety, was not obstructing traffic, and had complied with prior police instructions." ECF No. 1, PageID.16, ¶ 66. But Tisdale's body cam footage clearly contradicts all three assertions.

Tisdale's bodycam footage shows that he pulled Leavy's slow moving vehicle over for impeding traffic. ECF No. 16-2, 0:54–1:29; *see also* ECF No. 16-5, *generally* (showing traffic back-up). As he approaches the car on

the driver's side, he can be heard asking for Leavy's license, registration and proof of insurance. *Id*. at 1:30–36. Leavy's passenger, who appears to be filming the encounter with her smart phone, immediately begins to argue with Tisdale that traffic in front of them prohibited them from driving faster than five miles per hour. *Id*. at 1:42–50. After noting that they had the opportunity to speed up but did not when the cars in front of them pulled over, Tisdale tells Leavy and his passenger that he is not going to argue with them and again demands Leavy's license, registration, and insurance. *Id*. at 1:51–55. Leavy makes no move to comply with Tisdale's order, and Leavy's passenger continues to challenge Tisdale after he tells them their vehicle will be impounded. *Id*. at 1:55–2:00. Notably, neither deny driving five miles an hour with the hazard lights on,[2] nor do they agree to accelerate to normal traffic speed.

Tisdale then orders Leavy and his passenger to get out of the car. *Id*. at 2:01–05. Tisdale proceeds to open the driver's side door, grabs onto Leavy's left arm, and reaches over his body to unfasten his seatbelt. *Id*. at

---

[2] Plaintiffs allege that they were told by a female office to activate their hazard lights. ECF No. 1, PageID.6, ¶ 22. However, as discussed more fully below, bodycam video shows multiple officers telling them to turn them off.

2:02–04. At this point, the video shows Leavy turn his body toward the open door, put his left leg out of the car, and tell Tisdale twice that he is getting out. *Id*. at 2:06–08. But rather than getting out (as his passenger does), Leavy pulls his arms away from Tisdale's grasp and begins shouting that Tisdale "does not need to drag me out." *Id*. at 2:08–11. Tisdale responds by placing both of his hands on Leavy's left arm and gains enough purchase to get all but Leavy's right leg out of the vehicle. *Id*. at 2:11. Leavy pulls his left arm back, leaving Tisdale holding only Leavy's sleeve. *Id*. at 2:12. Leavy sits back into the car and repeatedly shouts that Tisdale does not need to drag him out. Tisdale repeatedly shouts back for Leavy to get out of the car. *Id*. at 2:12–20.

Although no protesters were near Leavy's vehicle when Tisdale pulled it over, during the stop pedestrian participants began to gather. *Compare id*. at 1:55 (no observable pedestrian protesters) *with id*. at 2:20 (several pedestrian protesters standing near vehicle and shouting at Tisdale). Recognizing that the stop had captured the attention of the protesters and that a crowd was forming, Tisdale radios for back up. *Id*. at 2:21. The shouting volley between Leavy and Tisdale continues for a few seconds when Leavy can be heard to say "the car's still running" and

moves his right arm in a manner suggesting he intends to turn off the ignition. *Id*. at 2:21–28. Leavy then turns his head to the right to see the crowd on the sidewalk next to the car shouting at Tisdale. *Id*. at 2:29–31. Leavy makes no further moves toward exiting the car. Instead, he continues to chant "you don't have to drag me out" as he furtively looks at the protesters surround the car. *Id*. at 2:31–36. The video clearly demonstrates Leavy is anything but compliant with police orders.

Recognizing that the crowd was surrounding and beginning to encroach upon the car, Tisdale radios for immediate help. *Id*. at 2:36. As additional officers approached Leavy's vehicle, Tisdale again reached in the car to pull him out. He continued to pull away and shout that Tisdale did not need to pull him out. *Id*. at 2:57–301. Officer Jones clears protesters away from the car, including one standing less than a foot away from Tisdale, to help him remove Leavy from the car. *Id*. at 3:01–03; ECF No. 16-4, at 2:35–43. Leavy continues to pull away from Tisdale, Jones, and a third officer until they successfully pull him from the car and he falls to the ground. ECF No. 16-2 at 3:03–09; ECF No. 16-4, at 2:43–49. The car begins to pull forward because, despite being pulled over, Leavy had never put the car in park. *See generally* ECF No. 16-2. Leavy's theatrical defiance

drew and incited an increasingly antagonistic crowd, posing a direct threat to officer and protester safety.

Leavy resists being handcuffed, but after a short struggle, Jones and another officer successfully handcuff Leavy and help him to his feet. *Id*. at 2:49–3:35. Jones and another officer take Leavy to a police cruiser and, despite his claims that he cannot sit, oversee Leavy into the backseat. *Id*. at 3:35–5:05.

The bodycam footage of the incident, when examined in connection with the recent *Moore* decision, persuades the Court that at the time of this incident, it had not been clearly established that grabbing a suspect's arm to remove him from his vehicle after he refused to produce his license, refused to exit his vehicle, and disingenuously shouted not to "drag him out" of the car, stoking, almost certainly intentionally, the gathering crowd's fervor would amount to excessive force. Tisdale and Jones are entitled to qualified immunity for Leavy's excessive force claim.

**3. First Amendment**

"The First Amendment, applicable to the states through the Fourteenth Amendment, prohibits the government from abridging the freedom of speech." *Diei v. Boyd*, 116 F.4th 637, 645 (6th Cir. 2024)

(quoting *Ward v. Polite*, 667 F.3d 727, 732 (6th Cir. 2012)). Indeed, that no state may "prohibit speech merely because it offends the sensibilities of others" is the "bedrock principle underlying the First Amendment." *Higgins v. Kentucky Sports Radio, LLC*, 951 F.3d 728, 734 (6th Cir. 2020) (quoting *Texas v. Johnson*, 491 U.S. 397, 414 (1989)) (internal marks omitted). "To that end, the free-speech clause generally prohibits suppressing speech because of its message." *Diei*, 116 F.4th at 645 (quoting *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828 (1995)) (cleaned up). The First Amendment also "bars state actors from taking 'retaliatory actions' against a party because of the party's 'protected speech.' " *Reguli v. Russ*, 109 F.4th 874, 880 (6th Cir. 2024) (quoting *Hous. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022)).

**a. Interference**

Claims that a police officer violated a plaintiff's First Amendment rights by impermissibly regulating his speech under an unwritten policy or practice are analyzed in three steps: courts must (1) assess whether plaintiff's conduct is protected speech; (2) identify the nature of the forum, "because the extent to which the [g]overnment may limit [the conduct] depends upon whether the forum is public or nonpublic;" and (3) whether

justifications for limiting the conduct satisfy the requisite standard. *See Cocchini v. Franklin*, 785 F. Supp. 3d 273, 290 (M.D. Tenn. 2025) (citing *Saieg v. Dearborn*, 641 F.3d 727, 734–35 (6th Cir. 2011)).

There can be no doubt that a peaceful march or protest such as the one in which plaintiffs participated is an expressive activity involving speech. *See United States v. Grace*, 461 U.S. 171, 176 (1983) (collecting cases). Moreover, streets and sidewalks are the epitome of the public forums protected under First Amendment jurisprudence. *See Saieg*, 641 F.3d at 734. Yet, even in a public forum the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions "are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989).

> The authority of a municipality to impose regulations in order to assure the safety and convenience of the people in the use of public highways has never been regarded as inconsistent with civil liberties but rather as one of the means of safeguarding the good order upon which they ultimately depend. The control of travel on the streets of cities is the most familiar illustration of this recognition of social need. Where a restriction of the use of highways in that relation is designed to promote the public

> convenience in the interest of all, it cannot be disregarded by the attempted exercise of some civil right which in other circumstances would be entitled to protection. One would not be justified in ignoring the familiar red traffic light because he thought it his religious duty to disobey the municipal command or sought by that means to direct public attention to an announcement of his opinions.

*Cox v. State of New Hampshire*, 312 U.S. 569, 574 (1941). Accordingly, municipalities may impose permit requirements on those wishing to hold a march, parade, rally, or protest for the purpose of regulating competing uses of public forums. *See Forsyth Cnty. v. Nationalist Movement*, 505 U.S. 123, 130 (1992) (citing *Cox,* 312 U.S. at 574–576).

Plaintiffs do not challenge the constitutionality of Flint's permit requirement, either facially or as applied to them. And the complaint acknowledges that the protest organizers did not obtain a permit as required by Flint ordinance. Moreover, the restrictions imposed by defendants against protesters without a permit—that pedestrian protestors remain on the sidewalks and protestors in vehicles drive at a normal speed so as not to impede traffic—satisfies the time, place, or manner of protected speech regulation.

Requiring nonpermitted protesters to remain on the sidewalk or drive their vehicles at a speed not to impede traffic is content-neutral.

These restrictions imposed by defendants were narrowly tailored to control travel on city streets and promote public convenience, an unmistakable significant governmental interest. *See Cox*, 312 U.S. at 574–76. And, as is clearly evidenced by the bodycam footage in which the officers invite protestors to carry on with the protest on the sidewalk or from their cars travelling at posted speeds, they allowed "ample alternative channels for communication of the information." For these reasons, plaintiffs have not alleged a plausible claim that defendants' actions impermissibly interfered with their First Amendment rights.

**b. Retaliation**

The First Amendment also prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech. *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). A First Amendment retaliation claim has three elements: (1) the plaintiff must have engaged in speech protected by the First Amendment; (2) the state actor must have taken an adverse action against the plaintiff such as an arrest or a prosecution; and (3) a causal connection must exist between the first two elements, such that

protected speech motivated and was the but-for cause of the adverse action. Where the alleged adverse action consists of a criminal prosecution or an arrest, the plaintiff must establish the absence of probable cause. *Brown v. Albion*, 136 F.4th 331, 338 (6th Cir. 2025) (citing *Hartman,* 547 U.S. at 265–66 and *Nieves*, 587 U.S. at 401–02).

But, as acknowledged in plaintiffs' complaint, Leavy was never arrested. *See* ECF No. 1, PageID.8, ¶ 30. Leavy was merely detained at the scene and issued citations for impeding traffic and for interfering with, resisting, or assaulting an officer. *Id*. at ¶ 29. The Sixth Circuit recently addressed a First Amendment retaliatory detention claim in *Gowdy*. 2026 WL 2211573, at *6.

Like Leavy in the case at bar, Gowdy was only detained, not arrested. *Id*. The court emphasized the different standards for arrest and detention, i.e., probable cause versus reasonable suspicion, but declined to decide whether reasonable suspicion is the standard for a First Amendment retaliatory detention claim.[3] *Id*. The court concluded that it need not decide

---

[3] The *Gowdy* decision strongly implies that plaintiffs must plead and prove the absence of either reasonable suspicion or probable cause to recover on a retaliatory detention claim under the First Amendment. *See Gowdy*, 2026 WL 2211573 at *6 ("We need not decide . . .*whether reasonable suspicion*

that issue because Gowdy was temporarily detained while officers secured the scene of an arrest, thereby permitting detention absent reasonable suspicion. *Id*. (citing *Bletz v. Gribble*, 641 F.3d 743, 755 (6th Cir. 2011)). Because the officers "had sufficient, nonretaliatory grounds to briefly detain Gowdy," dismissing her First Amendment retaliation claim was proper. *Id*. at *7.

Here too, defendants had sufficient, nonretaliatory grounds to detain Leavy. Tisdale had probable cause to stop Leavy for impeding traffic. Leavy's refusal or failure to produce his license and registration justified Tisdale asking him to get out of the car. Tisdale and Jones had probable cause to detain Leavy for interfering, resisting, or assaulting an officer.

Moreover, even if defendants had lacked probable cause, Tisdale was justified in detaining Leavy out of necessity so officers could secure the increasingly incendiary situation. Courts have long held that police officers may detain bystanders where necessary to secure officer safety. *See Gowdy*, 2026 WL 2211573, at *6–7 (collecting cases). "The risk of harm to both the police and others is minimized when officers take steps to

---

*or probable cause* is the standard for post-*Nieves* First Amendment detention claims . . . .") (emphasis added).

secure the scene or otherwise take command of the situation." *Michigan v. Summers*, 452 U.S. 692, 702–03 (1981). Even for traffic violations, "a brief detention prevents 'sudden violence.' " *See United States v. Coleman*, 2025 WL 2391391, at *2 (6th Cir. Aug. 18, 2025) (quoting *Maryland v. Wilson*, 519 U.S. 408, 414 (1997)).

Plaintiffs here do not allege the absence of probable cause for Leavy's detention. And even if they had, the defendant officers' bodycam footage clearly shows not only that probable cause existed for the traffic stop and the subsequent detention, but also that detention was necessary to secure the volatile scene and to prevent violence. Plaintiff Leavy's claim for First Amendment retaliation fails as a matter of law.

Plaintiff Groff fares no better on this claim. First, because plaintiffs' complaint does not designate which plaintiff asserts what claim against what individual defendant(s), the Court is left to guess the basis for Groff's First Amendment retaliation claim. This failure to meet the requirements of Rule 8(a) alone might support dismissal. *See St. Thomas v. Ohio*, 2024 WL 404491, at *2 (N.D. Ohio Feb. 2, 2024) (failure "to connect alleged occurrence to any specific, cognizable injury" does not meet the basic pleading standard under Rule 8). Nevertheless, though not referenced in

the count asserting that claim, based on allegations elsewhere in the complaint, the Court assumes Groff contends that Bryant impounded his vehicle in retaliation for his role in organizing and participating in the protest. *See* ECF No. 1, PageID.13–14, ¶ 55.

But Groff does not allege that impounding a vehicle is not authorized for an impeding traffic infraction. And, as discussed more fully below, plaintiffs' allegation that stopping and impounding Leavy's and Groff's amounted to selective enforcement is fully discredited by Jones's bodycam footage showing other officers documenting several other stopped vehicles for impounding. *See generally* ECF No. 16-5. Finally, just as it did for Leavy, the probable cause for stopping Groff precludes a retaliation claim based on that seizure.

**4. Equal Protection (Leavy and Groff)**

"To state an equal protection claim, a plaintiff must" plausibly allege "that the government treated [him] disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (citation modified). Disparate treatment is the threshold element of an equal

protection claim. *Id*. Contrary to plaintiffs' allegation that defendants singled them out as protest organizers and political foes of Neely and impounded only their vehicles, Jones's body cam footage fully discredits that assertion.

Officer Jones's body cam footage shows her telling at least three other drivers of vehicles proceeding slowly to turn their hazard lights off and proceed at the regular speed or they would be impeding traffic, and their cars would be towed. *See* ECF No. 16-5, 0:32–1:21. Several of these drivers comply. *See generally id*. Later, Jones identifies at least three vehicles stopped in the middle of the street to be towed. ECF No. 16-4, 7:14–7:21. As she fills out a form for impounding a truck, protesters return to it and express a desire to leave. Jones tells them that if they are leaving, she will not impound the vehicle but if they are not leaving, the truck will be impounded. *Id*. at 11:11–11:18. The protesters get in the truck and Jones thanks them for listening. *Id*. at 11:40–11:43. Several minutes later, when she asks another officer if he impounded a vehicle, he indicated he let it go because the scene became chaotic. *Id*. at 18:31–18:36.

Jones's bodycam footage clearly shows that protesters who complied with police instruction, to turn off their hazards and drive at the posted speed limit, were permitted to drive on and continue protesting. Only those

resisting that instruction had their vehicles designated for impoundment. At least two of those vehicles ultimately avoided impoundment by later compliance with police instruction to drive on or by what amounted to amnesty in the face of the volatility of the scene. In other words, Leavy and Groff, whose vehicles were impounded, were not similarly situated to those whose vehicles were not impounded. Leavy and Groff argued with the officers and refused to drive at a normal speed. Leavy additionally refused Tisdale's orders to provide his identification and exit his car, whereas the protesters who avoided impoundment ultimately decided to comply with police orders to not impede traffic.

Even if defendants' conduct towards plaintiffs could be deemed disparate treatment, equal protection challenges to government policies or actions that "neither implicate a fundamental right nor target a suspect class" are subject only to a rational basis review. *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). To survive rational basis review, the challenged law or policy need only be "rationally related to legitimate government interests." *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997). "This standard is highly deferential; courts hold policies unconstitutional under this standard of review only in rare or exceptional

circumstances." *Doe v. Mich. Dep't of State Police,* 490 F.3d 491, 501 (6th Cir. 2007*)*.

As discussed previously, plaintiffs do not plausibly allege that defendants interfered with either their First or Fourth Amendment rights. Plaintiffs do not aver that they were targeted as members of a suspect class, nor could they because Groff is not a member of a suspect class. The Court thus reviews defendants' action for a rational basis. The Court is satisfied that removing vehicles which are impeding traffic is rationally related to legitimate government interests. *See Cox*, 312 U.S. at 574–76 (controlling travel on city streets to promote public convenience is a significant governmental interest). Plaintiffs' Equal Protection claims thus fail as a matter of law.

**D. § 1985 Conspiracy Claim**

"To state a § 1985 claim, a plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Webb v. U.S.*, 789

F.3d 647, 671–72 (6th Cir. 2015) (internal quotation omitted). Section 1985 claims must also “contain allegations of class-based, invidiously discriminatory animus.” *Id*. (internal quotation omitted). However, the intracorporate conspiracy doctrine precludes the finding of a conspiracy when all the alleged conspirators are members of the same collective entity. *See Jackson v. City of Cleveland,* 925 F.3d 793, 817 (6th Cir. 2019). The Sixth Circuit applies the intracorporate conspiracy doctrine to conspiracy actions under § 1985, finding that defendants employed by the same government entity cannot be liable for conspiracy. *See id*. (citing *Hull v. Cuyahoga Valley School Dist. Bd. Of Ed.*, 926 F.2d 505, 510 (6th Cir. 1991)). Because the defendants here all work for the City of Flint, plaintiffs’ § 1985 claim for conspiracy fails as a matter of law.

**E. State Claim**

Title 28 U.S.C. § 1367 authorizes federal courts to exercise supplemental jurisdiction. A court has the discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which

it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Because the Court is dismissing all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the plaintiffs' state law claim for intentional infliction of emotional distress. *See* ECF No. 1, PageID.23–28. This claim is dismissed without prejudice.

## IV. Conclusion

For the reasons discussed, the Court **GRANTS** defendants' unopposed motion to dismiss. ECF No. 16. Plaintiffs' federal claims against all defendants are **DISMISSED WITH PREJUDICE**.

The Court **FURTHER ORDERS** that plaintiffs' state law claim is **DISMISSED WITHOUT PREJUDICE**. This case is now closed.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 30, 2026

CLOSED

# U.S. District Court
# Eastern District of Michigan (Flint)
# CIVIL DOCKET FOR CASE #: 4:25-cv-11641-SDK-CI

Leavy et al v. Neely et al
Assigned to: District Judge Shalina D. Kumar
Referred to: Magistrate Judge Curtis Ivy, Jr
Demand: $1,500,000
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 06/03/2025
Date Terminated: 09/30/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Terence D. Leavy** represented by **David Shea**
Shea Law Firm PLLC
26100 American Dr.
2nd Floor
Southfield, MI 48034
248-354-0224
Email: david.shea@shealawpllc.com
*ATTORNEY TO BE NOTICED*

**Frank R Schirripa**
Hach Rose Schirripa &Rehns LLP
112 Madison Avenue
Ste 10th Floor
New York, NY 10016
212-213-8311
Email: fschirripa@hrsrlaw.com
*ATTORNEY TO BE NOTICED*

**Lawrence A. Katz**
LLG National NJ PC
1814 RT 70
Suite 321
Cherry Hill, NJ 08003
856-652-2000
Fax: 856-375-1010
Email: lawrence.katz@llgnational.com
*TERMINATED: 02/20/2026*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Beverly Biggs-Leavy** represented by **David Shea**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Frank R Schirripa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence A. Katz**

(See above for address)
*TERMINATED: 02/20/2026*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jedediah Brown** represented by **David Shea**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Frank R Schirripa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence A. Katz**
(See above for address)
*TERMINATED: 02/20/2026*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John E. Groff, Jr.** represented by **David Shea**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Frank R Schirripa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence A. Katz**
(See above for address)
*TERMINATED: 02/20/2026*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sheldon Neely** represented by **Frederick A. Berg**
Butzel Long
150 West Jefferson, Suite 100
Detroit, MI 48226
313-225-7000
Fax: 313-225-7080
Email: bergf@butzel.com
*ATTORNEY TO BE NOTICED*

**Laura Donnelly Faussie'**
Butzel Long, PC
201 West Big Beaver Road
Suite 1200
Troy, MI 48084
248-593-3020
Email: faussie@butzel.com
*ATTORNEY TO BE NOTICED*

**Sheldon H. Klein**
Butzel
201 West Big Beaver Road
Suite 1200
Troy, MI 48084
248-258-1414
Fax: 248-258-1439
Email: klein@butzel.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Terence Green** | represented by | **Frederick A. Berg**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Laura Donnelly Faussie'**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Sheldon H. Klein**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Michael Tisdale** | represented by | **Frederick A. Berg**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Laura Donnelly Faussie'**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Sheldon H. Klein**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **J. Bryant**<br>*Officer* | represented by | **Frederick A. Berg**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Laura Donnelly Faussie'**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Sheldon H. Klein**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Jones**<br>*Officer* | represented by | **Frederick A. Berg**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Laura Donnelly Faussie'**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sheldon H. Klein**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/03/2025 | 1 | COMPLAINT filed by All Plaintiffs against All Defendants with Jury Demand. Plaintiff requests summons issued. Receipt No: CMIEDC-10263938 - Fee: $ 405. County of 1st Plaintiff: Genesee - County Where Action Arose: Genesee - County of 1st Defendant: Genesee. [Previously dismissed case: No] [Possible companion case(s): None] (Katz, Lawrence) (Entered: 06/03/2025) |
| 06/03/2025 | 2 | SUMMONS Issued for * All Defendants * (LHam) (Entered: 06/03/2025) |
| 06/03/2025 | | A United States Magistrate Judge of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form is available for download at http://www.mied.uscourts.gov (LHam) (Entered: 06/03/2025) |
| 06/09/2025 | 3 | WAIVER OF SERVICE Returned Executed. Sheldon Neely waiver sent on 6/3/2025, answer due 8/4/2025. (Berg, Frederick) (Entered: 06/09/2025) |
| 06/09/2025 | 4 | WAIVER OF SERVICE Returned Executed. Terence Green waiver sent on 6/3/2025, answer due 8/4/2025. (Berg, Frederick) (Entered: 06/09/2025) |
| 06/09/2025 | 5 | WAIVER OF SERVICE Returned Executed. Michael Tisdale waiver sent on 6/3/2025, answer due 8/4/2025. (Berg, Frederick) (Entered: 06/09/2025) |
| 06/09/2025 | 6 | WAIVER OF SERVICE Returned Executed. Jones waiver sent on 6/3/2025, answer due 8/4/2025. (Berg, Frederick) (Entered: 06/09/2025) |
| 06/09/2025 | 7 | WAIVER OF SERVICE Returned Executed. J. Bryant waiver sent on 6/3/2025, answer due 8/4/2025. (Berg, Frederick) (Entered: 06/09/2025) |
| 06/09/2025 | 8 | NOTICE of Appearance by Frederick A. Berg on behalf of All Defendants. (Berg, Frederick) (Entered: 06/09/2025) |
| 06/09/2025 | 9 | NOTICE of Appearance by Sheldon H. Klein on behalf of All Defendants. (Klein, Sheldon) (Entered: 06/09/2025) |
| 06/09/2025 | 10 | NOTICE of Appearance by Laura Donnelly Faussie' on behalf of All Defendants. (Faussie', Laura) (Entered: 06/09/2025) |
| 07/31/2025 | 11 | STIPULATED ORDER Extending Time for Defendants to Respond to Plaintiffs' Complaint. Answer due by 8/29/2025. Signed by District Judge Shalina D. Kumar. (THal) (Entered: 07/31/2025) |
| 08/22/2025 | 12 | APPLICATION *to Exceed Page Limit for Defendants' Motion to Dismiss Plaintiff's First Amended Complaint* by All Defendants. (Berg, Frederick) (Entered: 08/22/2025) |
| 08/25/2025 | 13 | MOTION for Leave to File *Exhibits Via Media File Upload* by All Defendants. (Berg, Frederick) (Entered: 08/25/2025) |

| | | |
|---|---|---|
| 08/25/2025 | | TEXT-ONLY ORDER GRANTING 12 Application filed by J. Bryant, Michael Tisdale, Sheldon Neely, Terence Green, Jones. Signed by District Judge Shalina D. Kumar. (THal) (Entered: 08/25/2025) |
| 08/26/2025 | 14 | ORDER granting 13 Motion for Leave to File. Signed by District Judge Shalina D. Kumar. (THal) (Entered: 08/26/2025) |
| 08/27/2025 | 15 | MOTION to Disqualify Counsel *for Plaintiffs* by All Defendants. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1: Genesee County Circuit Court - Defendant Davina Donahues Motion to Disqualify Lawrence A. Katz and Lento Law Group, P.C., # 3 Exhibit 2: Genesee County Circuit Court - Order (1) Disqualifying the Lento Law Group, P.C., (2) Disqualifying Lawrence A. Katz, (3) Granting the Summary Disposition Motions of Each Defendant, and (4) Dismissing the Action with Prejudice, # 4 Exhibit 3: New Jersey formation of Lento Law Group, P.C (Optimum), # 5 Exhibit 4: New Jersey amendment of Optimum to Lento Law Group, P.C., # 6 Exhibit 5: Pennsylvania registration of Lento Law Group, P.C., # 7 Exhibit 6: Pennsylvania registration of second Lento Law Firm, P.C., # 8 Exhibit 7: Pennsylvania Report and Recommendations of Suspension of Joseph D. Lento, # 9 Exhibit 8: Pennsylvania Supreme Court Order of Suspension of Joseph D. Lento, # 10 Exhibit 9: Joseph D. Lentos profile page Pennsylvania Supreme Court Website, # 11 Exhibit 10: U.S. Supreme Courts denial of petition for writ of certiorari, # 12 Exhibit 11: Michigan Bar web page showing Lento is not admitted, # 13 Exhibit 12: Attorney Grievance Commission Practice Pointers, # 14 Exhibit 13: Michigan Bar FAQs, # 15 Exhibit 14: MRPC 7.1 and 7.5, # 16 Exhibit 15: MRPC 5.5, # 17 Exhibit 16: Lentos firm web page, # 18 Exhibit 17: Groff Article, # 19 Exhibit 18: Groff Indictment/Sentencing Detail) (Berg, Frederick) (Entered: 08/27/2025) |
| 08/29/2025 | 16 | MOTION to Dismiss by All Defendants. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1A, # 3 Exhibit 1B, # 4 Exhibit 1C, # 5 Exhibit 1D, # 6 Exhibit 2A, # 7 Exhibit 2B, # 8 Exhibit 2C, # 9 Exhibit 2D, # 10 Exhibit 3) (Klein, Sheldon) (Entered: 08/29/2025) |
| 09/08/2025 | | TEXT-ONLY NOTICE of Receipt of 4 Media File Exhibits by All Defendants re 16 MOTION to Dismiss (SSch) (Entered: 09/08/2025) |
| 09/18/2025 | 17 | [STRICKEN] RESPONSE to 16 MOTION to Dismiss filed by All Plaintiffs. (Katz, Lawrence) Modified on 5/8/2026 (THal). (Entered: 09/18/2025) |
| 09/18/2025 | 18 | [STRICKEN] RESPONSE to 16 MOTION to Dismiss *(Brief)* filed by All Plaintiffs. (Katz, Lawrence) Modified on 5/8/2026 (THal). (Entered: 09/18/2025) |
| 09/19/2025 | 19 | ORDER for Plaintiffs' Counsel to Show Cause Why 15 Defendants' Motion to Disqualify Him Should Not Be Granted. **Show Cause Response due by 9/25/2025** Signed by District Judge Shalina D. Kumar. (AChu) (Entered: 09/19/2025) |
| 09/19/2025 | 20 | [STRICKEN PER TEXT ONLY ORDER 9/19/2025] RESPONSE to 15 MOTION to Disqualify Counsel *for Plaintiffs* filed by All Plaintiffs. (Katz, Lawrence) Modified on 9/19/2025 (AChu). (Entered: 09/19/2025) |
| 09/19/2025 | | TEXT-ONLY ORDER: The Court STRIKES Plaintiffs' response to Defendants' motion to disqualify counsel and countermotion to be relieved from E.D. Mich. LR 83.20(f)(1) (ECF No. 20) because it violates E.D. Mich. LR 7.1(i) ("Motions must not be combined with any other stand-alone document."). Additionally, the response was filed outside of the time permitted for response without seeking or receiving an enlargement of time to respond in violation of LR 7.1(e)(1)(A). Signed by District Judge Shalina D. Kumar. (AChu) (Entered: 09/19/2025) |
| 09/22/2025 | 21 | RESPONSE TO ORDER TO SHOW CAUSE by All Plaintiffs. (Katz, Lawrence) (Entered: 09/22/2025) |

| | | |
|---|---|---|
| 10/01/2025 | 22 | REPLY to Response re 16 MOTION to Dismiss filed by All Defendants. (Attachments: # 1 Exhibit A: Citations issued to Plaintiff Terence Leavy (inadvertently not attached to Motion), # 2 Exhibit B: Declaration of Chimene Hill) (Berg, Frederick) (Entered: 10/01/2025) |
| 11/07/2025 | 23 | NOTICE OF REMOTE HEARING on 15 MOTION to Disqualify Counsel *for Plaintiffs*. **Motion Hearing set for 12/23/2025 11:00 AM before District Judge Shalina D. Kumar** \|Remote Access Phone Number: 669-254-5252 and Meeting ID: 160 620 1534\| (THal) (Entered: 11/07/2025) |
| 11/07/2025 | 24 | NOTICE by All Defendants re 15 MOTION to Disqualify Counsel *for Plaintiffs* (Attachments: # 1 Exhibit 1: October 31, 2025 Order for Disqualification entered in Brown v. Ladel Lewis et al., E.D.Mich. Case. No. 25-11225) (Berg, Frederick) (Entered: 11/07/2025) |
| 12/04/2025 | 25 | ORDER for Lawrence A. Katz to Show Cause. **Show Cause Response due by 12/11/2025.** Signed by District Judge Shalina D. Kumar. (THal) (Entered: 12/04/2025) |
| 12/05/2025 | 26 | NOTICE by All Plaintiffs re 25 Order to Show Cause *(Response by Katz to Order)* (Katz, Lawrence) (Entered: 12/05/2025) |
| 12/08/2025 | 27 | REPLY to Response re 15 MOTION to Disqualify Counsel *for Plaintiffs* filed by All Defendants. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A: Joseph D. Lento, Larry Katz & Toi Thomas Webpages, # 3 Exhibit B: LGG National Law Group AZ Inc Articles of Incorporation, # 4 Exhibit C: LGG National Law Group NJ, PC Certification of Incorporation, # 5 Exhibit D: LGG National Law Group MI PC Articles of Incorporation, # 6 Exhibit E: LLG National Law Group of New York Certification of Incorporation, # 7 Exhibit F: LGG National Law Group IL, P.C. Articles of Incorporation, # 8 Exhibit G: LGG National Law Group TX, P.C. Certificate of Formation Professional Corporation, # 9 Exhibit H: LGG National Law Group AL, PC Domestic Professional Corporation Certificate of Formation) (Berg, Frederick) (Entered: 12/08/2025) |
| 12/18/2025 | | TEXT-ONLY NOTICE: Hearing on 12/23/25 regarding Motion to Disqualify Counsel is Cancelled. Motion will be decided without oral argument. (THal) (Entered: 12/18/2025) |
| 02/20/2026 | 28 | ORDER granting 15 Motion to Disqualify Counsel and Staying Case. Attorney Lawrence A. Katz terminated. Signed by District Judge Shalina D. Kumar. (THal) Modified on 2/20/2026 (THal). (Entered: 02/20/2026) |
| 02/20/2026 | 29 | NOTICE TO APPEAR REMOTELY: **Status Conference set for 4/21/2026 10:00 AM before District Judge Shalina D. Kumar** (THal) (Entered: 02/20/2026) |
| 04/03/2026 | 30 | NOTICE of Appearance by Frank R Schirripa on behalf of Terence D. Leavy. (Schirripa, Frank) (Entered: 04/03/2026) |
| 04/10/2026 | 31 | ORDER REGARDING LOCAL RULE 83.20(f). Signed by District Judge Shalina D. Kumar. (THal) (Entered: 04/10/2026) |
| 04/13/2026 | 32 | APPLICATION *of Hach Rose Schirripa & Rehns, LLP and Frank R. Schirripa For Order Relieving Compliance with Local Rule 83.20(f)* by Terence D. Leavy. (Schirripa, Frank) (Entered: 04/13/2026) |
| 04/13/2026 | 33 | RESPONSE to re 32 Application filed by All Defendants. (Berg, Frederick) (Entered: 04/13/2026) |
| 04/13/2026 | 34 | APPLICATION *of Hach Rose Schirripa & Rehns, LLP and Frank R. Schirripa For Order Relieving Compliance with Local Rule 83.20(f) - Corrected* by Terence D. Leavy. (Schirripa, Frank) (Entered: 04/13/2026) |

| | | |
|---|---|---|
| 04/13/2026 | 35 | RESPONSE to re 34 Application filed by All Defendants. (Berg, Frederick) (Entered: 04/13/2026) |
| 04/17/2026 | 36 | ORDER denying 34 Amended Application filed by Terence D. Leavy. Signed by District Judge Shalina D. Kumar. (THal) (Entered: 04/17/2026) |
| 04/17/2026 | 37 | NOTICE TO APPEAR REMOTELY: **Status Conference reset for 5/12/2026 11:00 AM before District Judge Shalina D. Kumar.** (THal) (Entered: 04/17/2026) |
| 05/01/2026 | 38 | NOTICE of Appearance by Frank R Schirripa on behalf of Beverly Biggs-Leavy, Jedediah Brown, John E. Groff, Jr, Terence D. Leavy. (Schirripa, Frank) (Entered: 05/01/2026) |
| 05/05/2026 | 39 | NOTICE of Appearance by David Shea on behalf of All Plaintiffs. (Shea, David) (Entered: 05/05/2026) |
| 05/08/2026 | 40 | ORDER Lifting Stay, Striking Plaintiffs' Response to Defendants' Motion to Dismiss and Requiring Plaintiffs to File a New Response to 16 Defendants' Motion to Dismiss. **Response due by 5/29/2026. Reply due by 6/12/2026.** Signed by District Judge Shalina D. Kumar. (THal) (Entered: 05/08/2026) |
| 05/08/2026 | | TEXT-ONLY NOTICE: Zoom Status Conference on 5/12/26 is Cancelled (THal) (Entered: 05/08/2026) |
| 09/30/2026 | 41 | OPINION and ORDER granting 16 MOTION to Dismiss. Signed by District Judge Shalina D. Kumar. (THal) (Entered: 09/30/2026) |
| 09/30/2026 | 42 | JUDGMENT. Signed by District Judge Shalina D. Kumar. (THal) (Entered: 09/30/2026) |

## PACER Service Center

### Transaction Receipt

| | | | |
|---|---|---|---|
| 10/12/2026 14:04:15 | | | |
| **PACER Login:** | lakatzesquire | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:25-cv-11641-SDK-CI |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |